IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03939-CNS-NRN

DAWAN SMITH,

Plaintiff,

v.

DIANNA PARKER,
THEOPHILUS UFUOMA,
DOE SUSAN,
MICHAEL ALLEN,
VICKY NIRA,
JEFF LONG,
MOSES STANCIL, and
DOES 1-10,

Defendant(s).

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' PARTIAL MOTION TO DISMISS (ECF No. 34)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This 42 U.S.C. § 1983 prisoner civil rights case comes before the Court pursuant to an Order, ECF No. 36, issued by Judge Charlotte N. Sweeney referring Defendants Jeff Long, Moses Stancil, and Michael Allen's ("Defendants")[1] Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"), ECF No. 34. Plaintiff Jared Dawan Smith filed a response, ECF No. 39, and Defendants filed a reply, ECF No. 44. The Court heard argument from the parties on June 17, 2026. *See* ECF No. 53.

---

[1] Defendants Dianna Parker, Theophilus Ufoma, Vicky Nira, and the Doe Defendants have not been served. *See* ECF Nos. 16, 51, & 52.

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss, ECF No. 34, be **GRANTED**.

## I. BACKGROUND[2]

In July 2023, while he was incarcerated at the Sterling Correctional Facility ("SCF") in Sterling, Colorado,[3] Plaintiff was injured when "a defective table seat snapped forward, throwing him backward and causing him to land full force onto his right hand." ECF No. 1 at 5. Plaintiff's hand immediately became swollen and painful. Defendant Parker, an SCF nurse, examined Plaintiff's hand and, despite the obvious signs of injury, denied his requests for an x-ray and examination by a physician; instead, she provided Plaintiff with only an ACE bandage. *Id.* Defendant Nira, the SCF Health Services Administrator, approved the decision to not send Plaintiff to an outside treatment. *Id.* When Plaintiff returned to the medical department due to worsening pain and swelling, Defendant Ufuoma, an SCF nurse, applied a splint that was "molded incorrectly, causing sharp edges to pierce Plaintiff's skin and forcing his hand into a painful position." *Id*. Plaintiff's subsequent medical kites were ignored. *Id.* at 5–6.

On August 17, 2025, Plaintiff was transferred offsite for an x-ray, which revealed a fracture. *Id.* at 6. Plaintiff alleges that Defendant Allen, an SCF physician, never

[2] Unless otherwise noted, all factual allegations are taken from Plaintiff's Verified Complaint and Demand for Jury Trial ("Complaint"), ECF No. 1, and are presumed to be true for the purposes of the motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] Plaintiff has since been released from custody.

reviewed the x-ray results and denied that the x-ray ever occurred. *Id.* Plaintiff states that he filed grievances "describing severe pain and untreated fracture," and claims that Defendants Nira, Allen, Long, and Stancil "were notified but took no action." *Id*. On December 12, 2023, Plaintiff was taken to see an orthopedic specialist, who diagnosed a "permanent malunion, bond fusion deformity, shortening of the index finger, loss of function, and chronic pain. Surgery was no longer possible due to SCF's delay." *Id.*

Plaintiff brings three claims: (I) an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Parker, Ufuoma, Doe Susan, Doe Angel, Allen, Nira, and other unnamed SCF staff; (II) a claim for supervisory liability against Defendants Nira, Long, Stancil, and Allen; and (III) an official capacity claim against Defendants Nira, Long, and Stancil. *Id.* at 6–7. Plaintiff seeks monetary damages and a declaration that "Plaintiff's rights under the Eighth Amendment were violated." *Id*. at 8.

Defendants now move to dismiss Claims II and III. They argue that Plaintiff has not alleged sufficient personal participation to state a claim for supervisor liability. They also contend that the Court lacks jurisdiction over Plaintiff's claim for declaratory relief.

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Until October 8, 2026, Plaintiff had proceeded pro se.[4] Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent

[4] On that date, Attorneys Samuel H. Fresher, Stephen H. Hennessy, and Mirko L. Kruse entered appearances on Plaintiff's behalf. *See* ECF Nos. 59–61.However, Plaintiff's complaint and response to the Motion to Dismiss were filed without counsel, so the Court applies the typical liberal construction for pro se parties.

standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). This standard "applies to all proceedings involving a *pro se* litigant." *Espinoza-Horiuchi v. Walmart Stores, Inc.*, 2016 WL 1275494 at *1 (D. Colo. Mar. 7, 2016) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Calbart v. Denver Sheriff Dep't*, 505 F. App'x 703, 705 (10th Cir. 2012). Plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**b. Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). As the party seeking to invoke the jurisdiction of this court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction") (quoting *United*

*States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).

**c. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## III. ANALYSIS

### a. Personal Participation

The Eighth Amendment imposes duties on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Under the Eighth Amendment, prison officials can be liable for deliberate indifference to a serious medical need when "intentionally denying or delaying access to medical care or intentionally

interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

The test for liability of prison officials for deliberate indifference to an inmate's serious medical needs, in violation of the Eighth Amendment, involves both an objective and a subjective component. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). A plaintiff must first make non-conclusory allegations that the deprivation at issue was in fact sufficiently serious. *Id.* A medical need is "sufficiently serious" if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that "even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000)). "Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim." *Id.* (citing *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)). In addition, a delay in a prisoner's medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm. *Id.* The substantial harm requirement for a deliberate indifference claim may be satisfied by showing "lifelong handicap, permanent loss, or considerable pain." *Id.* (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The subjective prong of the test for deliberate indifference to an inmate's serious medical needs requires the plaintiff to present evidence (or, at the motion to dismiss stage, non-conclusory allegations) of the prison official's culpable state of mind. *Id.* The subjective component is satisfied if the accused official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference. *Id.* A prison medical professional who serves as a "gatekeeper" for other medical personnel capable of treating a condition may be held liable under the deliberate indifference standard if she delays or refuses to fulfill that gatekeeper role. *Id.* at 757*.*

Deliberate indifference does not require a finding of express intent to harm. *Id.* at 752. Thus, a plaintiff alleging deliberate indifference to serious medical need does not need to show (or allege) that a prison official acted or failed to act believing that harm actually would befall the inmate. It is enough that the official acted or failed to act despite knowledge of a substantial risk of serious harm. *Id.* This standard is akin to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm. *Id.* (citing *Farmer*, 511 U.S. at 836–38).

The level of intent required for deliberate indifference to an inmate's serious medical needs can be demonstrated through circumstantial evidence. *Id.*

> Whether a prison official had the requisite knowledge of a substantial risk to the inmate's health or safety is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id.* (quoting *Farmer*, 511 U.S. at 542).

Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can

only be held liable for his own deliberate intentional acts. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). Three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation, and (3) state of mind. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

Here, Plaintiff alleges that Defendants Allen, Long, and Stancil "had supervisory authority and actual notice—via grievances, kites, and reports—of Plaintiff's untreated fracture and escalating symptoms," but "failed to intervene, train staff, enforce emergency protocols, or ensure results were reviewed." ECF No. 1 at 7. These threadbare and conclusory allegations do not state a plausible claim for supervisory liability. Plaintiff does not allege that Long, the SCF Warden, or Stancil, the Executive Director of the Colorado Department of Corrections ("CDOC"), were ever aware that Plaintiff had hurt his hand and had filed grievances regarding his lack of follow-up treatment. In other words, the Complaint is devoid of any plausible allegation that Stancil or Long performed any deliberate, intentional acts that resulted in Plaintiff's injuries. As to Allen, the Complaint does not allege that he acted in any supervisory capacity, just that he was an SCF physician who ignored Plaintiff's kites and failed to review his x-rays. The latter may possibly subject him to liability for his own deliberate

indifference—Allen does not seek to dismiss this claim—but is not enough to state a claim against him as a supervisor.[5]

For these reasons, the Court recommends that Claim II be dismissed against Defendants Allen, Long, and Stancil.

**b. Official Capacity Claim**

Claim III is asserted against Defendants Long and Stancil in their official capacities. Plaintiff asserts that "SCF and CDOC maintained unconstitutional customs and practices" that "directly caused Plaintiff's untreated fracture to become permanently deformed." ECF No. 1 at 7. Defendants seek to dismiss for lack of subject matter jurisdiction.

Plaintiff's official capacity claim is effectively brought against the state of Colorado. *See Griess v. State of Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1988). "It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). The Eleventh Amendment's protections extend "to state agencies functioning as an arm of the state." *Id.* (citation omitted). Colorado has not waived, nor has Congress abrogated, its Eleventh Amendment sovereign immunity from claims brought under § 1983. *Hughes v. Colo. Dep't of Corr.,* 594 F. Supp. 2d

[5] In his response, Plaintiff states that Allen "is not merely a supervisor in this case—he is the sole licensed physician at [SCF] responsible for Plaintiff's medical care." ECF No. 39 at 1. This allegation is not found in the Complaint, so the Court cannot consider it. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that " it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss" ) (citations omitted).

1226, 1233 (D. Colo. 2009). Thus, pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the state of Colorado, its agencies, or its officials in their official capacities for money damages or injunctive relief for prior acts. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

However, "the Supreme Court carved out an exception to Eleventh Amendment immunity for suits against state officials seeking to enjoin alleged ongoing violations of federal law." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). But *Ex parte Young* "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." *Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Collins v. Daniels*, 916 F.3d 1302, 1316 n.10 (10th Cir. 2019).

In this case, Plaintiff's claimed damages include monetary damages. These are clearly barred by the Eleventh Amendment. The only other relief sought is a declaration that Plaintiff's Eighth Amendment rights "were violated." ECF No. 1 at 8. Because this request is retrospective in nature, the Court finds that it does not fall within *Ex Parte Young*'s exception and is barred by sovereign immunity. *See Williams v. Utah Dep't of Corrs.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (stating that the *Ex parte Young* doctrine only applies "if the complaint alleges an ongoing violation of federal law"). The Court is not persuaded by Plaintiff's argument in his response that his Complaint challenges

ongoing unconstitutional policies or customs. Plaintiff's allegations are only expressed in the past tense. *See* ECF No. 1 at 7 ("SCF and CDOC *maintained* unconstitutional customs and practices" that "directly *caused*" Plaintiff's injuries); 8 (seeking a declaration that "Plaintiff's rights under the Eighth Amendment *were* violated") (emphasis added). When a claim "is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, [the court] can only reasonably categorize such relief as retrospective." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012).

Therefore, the Court recommends that Plaintiff's official capacity claim for compensatory relief and retrospective declaratory relief be dismissed for lack of subject matter jurisdiction because Defendants are entitled to Eleventh Amendment sovereign immunity.

## IV. RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 34, be **GRANTED** and that Claims II and III be **DISMISSED WITHOUT PREJUDICE** as to Defendants Long, Stancil, and Allen.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

**and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Date: November 5, 2026

N. Reid Neureiter
N. Reid Neureiter
United States Magistrate Judge